## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | | |
|---|---|---|
| **CHARLES F. PLYMAIL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Nos. 3:14-06201** |
| | ) | |
| **PATRICK A. MIRANDY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss and Incorporated Memorandum" (Document No. 14), filed on March 25, 2015.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

### PROCEDURAL HISTORY

**A.     Criminal Action No. 93-F-50:**

On January 7, 1993, the Grand Jury of Cabell County, West Virginia, returned an Indictment against Petitioner charging him with one count of second degree sexual assault of K.Y.; one count of burglary of T.S.'s home; two counts of first degree sexual assault of T.S.; one count of first degree sexual abuse of T.S., and one count of maliciously wounding K.L. (T.S.'s roommate). State v. Plymail, Criminal Action No. 93-F-50 (Cir. Ct. Cabell Co. August 18, 2013). (Court's Exhibit, p.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2.)[2] On August 4, 1993, the State decided to proceed to trial only on the sexual assault charge involving K.Y. because laboratory results concerning the remaining counts were not yet available. (Id.) Following a two-day jury trial beginning on August 18, 1993, Petitioner was convicted of second-degree sexual assault of K.Y. (Id., p. 3.) On August 30, 1993, the State filed a recidivist information against Petitioner alleging that Petitioner had at least two prior felony convictions (1989 conviction for third-degree sexual assault; 1984 conviction for armed robbery). (Id.) On September 9, 1993, Petitioner appeared for his arraignment on the recidivist information, but the arraignment was continued at Petitioner's request. (Id., p. 4.) Petitioner was arraigned on February 14, 1994, and admitted his two prior felony convictions. (Id.) On February 22, 1994, the Circuit Court sentenced Petitioner to life in prison, with parole eligibility after serving 15 years. (Id.) On November 13, 2013, the Circuit Court re-sentenced Petitioner in order to reinstate his right to appeal. (Id.)

On January 8, 2014, Petitioner filed his Petition for Appeal with Supreme Court of Appeals of West Virginia. (Id.) In his appeal, Petitioner raised the following assignments of error:

1.    The extraordinary delay in Petitioner's right to appeal violated his right to due process and is cause for his immediate release from prison, along with an injunction to spare him from further prosecution;

2.    The trial court improperly interfered with the length of trial and the amount of time jurors had to deliberate, and improperly coerced jurors to reach a verdict;

3.    The trial court lacked jurisdiction to use the recidivist statute to enhance his conviction;

4.    The Prosecutor and trial court misled Petitioner into waiving his right to

_____

[2] Respondent failed to provide the Court with an adequate procedural history for Petitioner's underlying conviction. Despite being instructed to provide this Court with "copies of Court and other records which would facilitate determination of the issues raised," Respondent failed to attach any supporting Exhibits. (Document No. 8.)

testify;

5.      The trial court erred in allowing the prosecutor, during closing arguments, to use inflammatory language, state facts not in evidence, appeal to local and general prejudices, and discuss and attack Petitioner's pre-trial silence, failure to testify at trial, and failure to present witness;

6.      The trial court failed to conduct a proper *in camera* hearing as to the State's proffered evidence under Rule 404(b) of the West Virginia Rules of Evidence; and

7.      The trial court's cumulative errors denied Petitioner the constitution right to a fair trial.

(Id., pp. 4 - 14.) By Memorandum Decision filed on November 20, 2015, the West Virginia Supreme Court affirmed Petitioner's conviction and sentence. State v. Plymail, No. 14-0016 (Nov. 20, 2015).

**B.      State *Habeas* Petition:**

On March 13, 2013, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. Plymail v. Plumley, Case No. 13-C-159 (Cir. Ct. Cabell Co.); (Document No. 28-1.) Petitioner raised the following grounds for *habeas* relief:

1.      The inordinate delay of Petitioner's appeal;

2.      The trial court's coercive remarks to the jury;

3.      The prosecutor's plainly improper closing argument;

4.      Improper sentencing enhancement;

5.      Denial of Petitioner's right to testify; and

6.      Ineffective assistance of trial counsel.

(Document No. 1, p. 3.) By Order entered on December 13, 2013, the Circuit Court appointed Ms. Sarah Dixon as counsel. (Document No. 28-1.) On May 2, 2014, the Circuit Court granted Petitioner additional time to file an Amended Petition. (Id.) On October 17, 2014, Ms. Dixon was relieved as

3

counsel and Abraham Saad was appointed as counsel. (Id.) Petitioner's *habeas* proceedings are currently on-going in the Circuit Court.

**E.     Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on January 31, 2014. (Document No. 1.) In his Petition, Petitioner alleges the following grounds for *habeas* relief (Id., pp. 10 - 25.):

1.     The State's 19-year delay in affording [Petitioner] an appeal of [his] criminal conviction violates the due process provisions of the Fourteenth Amendment to the United States Constitution.

2.     Because the jurors at [Petitioner's] trial were subjected to judicial coercion, [his] conviction was obtained in violation of the due process provisions of the Fourteenth Amendment of the United States Constitution.

3.     The plainly improper remarks made by the prosecutor during the State's rebuttal and closing were prejudicial enough to have denied [Petitioner] the right to a fair trial and, thus, violated the due process provision of the Fourteenth Amendment to the United States Constitution.

4.     Because [Petitioner's] waiver of the right to testify was based on misleading statements made by the court and counsel, [his] conviction was obtained in violation of the due process provisions of the Fourteenth Amendment to the United States Constitution.

5.     Because the trial court lacked jurisdiction to enhance [Petitioner's] sentence under West Virginia's recidivist statute, its imposition of a life sentence violated the due process provisions of the Fourteenth Amendment to the United States Constitution.

6.     Because [Petitioner] was not provided with effective assistance of counsel, [his] conviction was obtained in violation of the Sixth Amendment to the United States Constitution.

(Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of an Order from the West Virginia Supreme Court filed on December 2, 1994, granting Petitioner's writ of mandamus directing Circuit

Court Judge Alfred E. Ferguson, Jr., "to render a decision within thirty days of this order on the relator's motion to amend the dismissal order, motion for resentencing, and motion to dismiss Ms. Sheets as appellate counsel" (Document No. 1, pp. 22 - 30.); (2) A copy of Judge Ferguson's Order dated April 12, 1995, transporting Petitioner to the care, custody, and control of the Commissioner of Corrections (Id., p. 32.); (3) A copy of a letter from the Public Defender's Office addressed to Petitioner dated May 24, 1995 (Id., p. 34.); (4) A copy of Petitioner's "Re-Sentencing Order" dated July 21, 1995, as filed in the Circuit Court of Cabell County (Id., pp. 36 - 37.); (5) A copy of a letter from Petitioner addressed to Rory L. Perry, Clerk of the West Virginia Supreme Court of Appeals, dated November 14, 2008 (Id., p. 39.); and (6) A copy of a letter from Petitioner addressed to Chief Justice Elliot E. Maynard dated November 14, 2008 (Id., pp. 40 - 42.).

On February 23, 2015, Petitioner filed his "Supplemental Factual Statement and Exhibits F - M." (Document No. 7.) As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Petition for Writ of Prohibition" as filed with the West Virginia Supreme Court on March 14, 2014 (Id., pp. 5 - 19.); (2) A copy of a letter from Petitioner addressed to Attorney Jason P. Goad dated March 25, 2014 (Id., pp. 21 - 24.); (3) A copy of a letter from Adriana Marshall, Staff Attorney with the West Virginia Supreme Court of Appeals, addressed to Petitioner dated July 3, 2014 (Id., p. 26.); (4) A copy of a letter from Petitioner addressed to Ms. Marshall dated October 22, 2014 (Id., pp. 28 - 29.); and (5) A copy of letters from Petitioner addressed to Mr. Steven T. Cook, court-appointed counsel, dated October 7, 2014, December 3, 2014, August 21, 2014, January 15, 2015, and February 4, 2015 (Id., pp. 31 - 47.).

By Order entered on February 23, 2015, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 8.) On March 25, 2015, Respondent filed his

Response and "Motion to Dismiss and Incorporated Memorandum." (Document Nos. 13 and 14.) In his "Motion to Dismiss and Incorporated Memorandum," Respondent argues that "Petitioner has yet to exhaust his claims within the State courts, and has yet to have either his direct appeal or his *habeas* claims properly adjudicated by the SCAWV." (Id.)

In his Response, Petitioner argues that "Respondent's motion to dismiss is clearly frivolous and should be denied." (Document Nos. 18 and 19.) Petitioner argues that the "inordinate and unjustified delay in adjudicating post-conviction claims for relief renders the state judicial process ineffective." (Document No. 19, p. 2.) Petitioner argues that he has been subjected to a 20-year delay in State Court. (Id.)

In Reply, Respondent argues as follows: (1) Petitioner has failed to exhaust State remedies; (2) "Petitioner's direct appeal has not been rendered a final judgment by the Supreme Court of Appeals of West Virginia;" (3) "Petitioner has failed to further his State *habeas* proceedings, and his case currently lies dormant within the Circuit Court of Cabell County, West Virginia;" and (4) Petitioner has not and cannot show that he has been unfairly prejudiced by the delay of his direct appeal or that he is not personally at fault for such delay. (Document No. 20.)

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one

of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied sub nom., Matthews v. Moore, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of

presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice. Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Petitioner appears to acknowledge that he has not exhausted his State remedies as to all federal claims that he intends to raise and requests that this Court find the State remedial process unavailable. First, Petitioner argues that there was nearly a twenty year delay of his direct appeal. The West Virginia Supreme Court, however, determined that this delay was at least in part attributable to Petitioner's continuous dissatisfaction or disagreement was numerous court appointed counsel (George Beter, Nancy Sheets, Harry Hager, Neil Bouchillon, Steve Bragg, Nicholas Mayo, Jason Goad, and Steven Cook).[3] The undersigned further notes that the West Virginia Supreme

---

[3] The undersigned notes that Respondent failed to address or attempt to explain any reasoning for the nearly twenty year delay.

8

Court of Appeal recently denied Petitioner's direct appeal on November 20, 2015. Although it appears that that there has been little activity in Petitioner's pending State *habeas* petition up to this point, such inactivity is to be expected based upon the status of Petitioner's direct appeal. Thus, there is no indication that Petitioner's State *habeas* petition is unnecessarily laying dormant in State Court. Accordingly, the undersigned cannot find at this point in the proceedings that the State remedy process has been rendered unavailable to Petitioner.

Based upon a review of the West Virginia Supreme Court's Memorandum Opinion denying Petitioner's direct appeal, the undersigned finds that Petitioner has failed to exhaust his state remedies as to all claims. (See Court's Exhibit) Specifically, it appears that Petitioner has not exhausted his federal claim of ineffective assistance of counsel (Ground 6). Without having access to a copy of Petitioner's petition for appeal, it is further unclear whether Petitioner fairly presented his federal rights asserted in Grounds 1 through 5 of his federal *habeas* petition to the West Virginia Supreme Court as to allow them "one full opportunity" to resolve the issues. Generally, when a petitioner fails to exhaust his State Court remedies, a federal *habeas* petition should be dismissed. See Presier v. Rodriguez, 411U.S. 475, 477, 93 S.ct. 1827, 36 L.Ed.2d439 (1973). When a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). In Rhines, however, the Supreme Court cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id.,

544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. (noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); also see Demere v. Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court"). Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted.

Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] If the Petitioner does

---

[4] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's conviction and sentence were just recently affirmed by the West Virginia Supreme Court on November 20, 2015. If Petitioner does not file a Petition for Writ of Certiorari in the United States Supreme Court, his conviction becomes final on or about February 19, 2016 (90 days after the West Virginia Supreme Court affirmed his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation would began to run on February 19, 2016. The statute of limitations, however, will remain tolled because Petitioner filed his *habeas* petition with the Circuit Court of Cabell County (Case No. 13-C-159) on March 13, 2013, prior to the West Virginia Supreme Court dismissing his direct appeal. Petitioner's State *habeas* petition is currently pending in the Circuit Court of Cabell County, and the statute of limitations is currently tolled. Upon the conclusion of Petitioner's State *habeas* proceedings, Petitioner will have approximately 310 days[5] in which to file a Section 2254 Petition in federal court. Accordingly, the undersigned finds that dismissal will not jeopardize the timeliness

---

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   [5] Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petition correctly and timely.

11

of Petitioner's Section 2254 Petition and, therefore, he cannot at this time demonstrate good cause for his failure to present his claims to the State Courts prior to seeking federal *habeas* relief. Accordingly, undersigned recommends that Respondent's Motion to Dismiss be denied[6] and Petitioner's Petition be dismissed without prejudice.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY R**espondent's "Motion to Dismiss and Incorporated Memorandum" (Document No. 14), **DISMISS** without prejudice Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[6] The undersigned notes Respondent's Motion to Dismiss rests greatly upon the argument that Petitioner's direct appeal was pending before the West Virginia Supreme Court. Additionally, the undersigned notes Respondent's failure to include an adequate summary of the procedural history, an explanation for the delay in the filing of Petitioner's direct appeal, and Respondent's failure to file any supporting State Court records as supporting Exhibits.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: December 21, 2015.

R. Clarke VanDervort
United States Magistrate Judge