IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES F. PLYMAIL,

        Petitioner,

v.                                              CIVIL ACTION NO. 3:14-6201

PATRICK A. MIRANDY,
Warden, St. Mary's Correctional Center,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Respondent's Motion to Dismiss (ECF No. 14). This action, brought pro se, was referred to a United States Magistrate Judge for proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommends that Respondent's Motion to Dismiss (ECF No. 14) be denied, but that Petitioner's Petition (ECF No. 1) under 28 U.S.C. § 2254 be dismissed without prejudice.[1] ECF No. 31. Petitioner filed objections to the PF&R. ECF No. 36. For the reasons set forth below, the

---

[1] The Magistrate Judge found the following defects in Respondent's Motion to Dismiss:

> The undersigned notes Respondent's Motion to Dismiss rests greatly upon argument that Petitioner's direct appeal was pending before the West Virginia Supreme Court. Additionally, the undersigned notes Respondent's failure to include an adequate summary of the procedural history, an explanation for the delay in the filing of Petitioner's direct appeal, and Respondent's failure to file any supporting State Court records as supporting Exhibits.

ECF No. 31, at 12. Therefore, the Magistrate Judge recommends denying Respondent's Motion to Dismiss (ECF No. 14), but, *sua sponte*, recommends dismissing Petitioner's Petition on procedural default grounds. Because the Petitioner received a copy of the PF&R and filed Objections in response, the Court finds that the Petitioner was given notice and a reasonable time to respond pursuant to Fed. R. Civ. P. 56(f) and that additional "notice" is not required. *Harper v. Ballard*, No. 3:13-23467, 2014 WL 4470536, at *2 (S.D.W. Va. Sept. 10, 2014).

Court denies Petitioner's Objections and accepts and incorporates the Magistrate Judge's Findings and Recommendation in full.

## I. Background and Standard of Review

The Court incorporates the factual and procedural history of this case as stated in the PF&R. ECF No. 31, at 1–6. Regarding the standard of review, this Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. Objections

Petitioner filed five objections to the PF&R. The first objection states "[t]he proposed Findings and Recommendation incorrectly states that the [West Virginia Supreme Court of Appeals ("WVSCA")], in its recent memorandum decision, has determined that the twenty year delay of the Petitioner's direct appeal 'was at least in part attributable to Petitioner's continuous dissatisfaction or disagreement' with his court appointed attorneys." ECF No. 36, at 7. This objection is without merit. This is because the WVSCA specifically held:

> The State argues that the delay in petitioner's appeal does not warrant his immediate release from prison, and disputes petitioner's assertion that none of the twenty year delay of his appeal is attributable to him, or that he did not receive assistance from the State, the court system or his numerous appointed counsel (including George Beter, Nancy Sheets, Harry Hager, Neil Bouchillon, Steve Bragg, Nicholas Mayo, Jason Goad, and Steve Cook). Each of these attorneys, upon their own initiative, or

2

> at the insistence of the petitioner, withdrew as petitioner's appellate counsel. In the State's view, the withdrawal of these attorneys was due, in large part, to petitioner's accusatory, abrasive, and belligerent attitude, which is ever present in the caustic letters that petitioner wrote these attorneys. Petitioner has found a problem with every attorney that the court has appointed for him, be it appellate or trial counsel. We agree.

*State v. Plymail*, No. 14-0016, at 6 (Nov. 20, 2015)(emphasis added). As such, it is clear that the Magistrate Judge's characterization of the WVSCA's ruling is not incorrect. Therefore, Petitioner's first objection is denied.

Petitioner's second objection states "[t]he Proposed Findings and Recommendation incorrectly concludes that 'there is no indication that Petitioner's state habeas petition is unnecessarily laying [sic] dormant in state court.'" ECF No. 36, at 8. Petitioner provides no supporting legal references for this argument. Instead he only notes that his habeas petition was filed 20 months before his appeal brief was presented to the WVSCA, that for almost a year following the filing Petitioner "had no attorney or was unaware that he had one," and that this dormancy was imposed on Petitioner by the State. ECF No. 36, at 8–9. Again, the Court finds Petitioner's second objection without merit. The Magistrate Judge noted in the PF&R,

> The undersigned further notes that the West Virginia Supreme Court of Appeal recently denied Petitioner's direct appeal on November 20, 2015. Although it appears that there has been little activity in Petitioner's pending State habeas petition up to this point, such inactivity is to be expected based upon the status of Petitioner's direct appeal. Thus there is no indication that Petitioner's State habeas petition is unnecessarily laying dormant in State Court. Accordingly the undersigned cannot find at this point in the proceedings that the State remedy process has been rendered unavailable to Petitioner.

ECF No. 31, at 8–9. The Court agrees with the Magistrate Judge's reasoning. As such, Petitioner's second objection is denied.

Petitioner's third objection states, "[t]he Proposed Findings and Recommendation incorrectly assumes that Ground 1 through 5 of Petitioner's federal habeas were not 'fairly

3

presented' to the WVSCA." ECF No. 36, at 9. The Court disagrees with Petitioner. The Magistrate Judge indicates, "[w]ithout having access to a copy of Petitioner's petition for appeal, it is further unclear whether Petitioner fairly presented his federal rights asserted in Grounds 1 through 5 of his federal habeas petition to the West Virginia Supreme Court as to allow them, 'one full opportunity' to resolve the issues." ECF No. 31, at 9. Fair presentation mandates that "both the operative facts and the controlling legal principles must be presented to the state court." *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). Similarly, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* Without Petitioner's petition for appeal available for review, the Court is unable to determine whether Petitioner presented "face-up and squarely" his federal claims for state review. *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claims.")

Petitioner argues in his objection that he "suspects that a copy of the Appeal Brief could have been obtained at the same time and from the same source as the memorandum decision." ECF No. 36, at 9. However, "[t]he burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds*, 644 F.3d 192 (4th Cir. 2011). As such, the Court cannot adequately determine if Grounds 1 through 5 of Petitioner's federal habeas petition were properly presented before the WVSCA. Therefore, the Court agrees with the finding of the Magistrate Judge and denies Petitioner's third objection.

Petitioner's fourth and fifth objections are similar and will be discussed together. Petitioner's fourth objection states "[a]lthough the Proposed Findings and Recommendation

correctly notes that Ground 6 of Petitioner's federal habeas petition (ineffective assistance of trial counsel) has not been exhausted in state court, it incorrectly concludes that dismissal of the petition is therefore warranted." ECF No. 36, at 10. Similarly, objection five claims "[t]he Proposed Findings and Recommendation chose the harshest solution (dismissal and further delay) without even considering an alternative that would not result in any additional delay." ECF No. 36, at 12. The Court disagrees with the Petitioner. Rather, as the Magistrate Judge points out,

> When a State prisoner presents a mixed petition under 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted state claims and proceed with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005). In *Rhines*, however, the Supreme Court cautioned that a '[s]tay and abeyance, if employed too frequently, has the potential to undermine' the twin purposes of the total exhaustion requirement and the limitation period. *Id.*

ECF No. 31, at 9. Accordingly, courts have employed the stay and abeyance cautiously, often applying it only to cases where "outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court." *Demere v. Ballard*, No. 2:09-83, 2013 WL 5352950, at *26 (N.D.W. Va. Sept. 24, 2013.)

Here, however, as explained in the PF&R, the timeliness of Petitioner's 'collateral attack in federal court' will not be prejudiced by a dismissal. This is because "[u]pon conclusion of Petitioner's State habeas proceedings, Petitioner will have approximately 310 days in which to file a Section 2254 Petition in federal court." ECF No. 31, at 11. As such, the Court agrees with the Magistrate Judge that dismissal will not jeopardize the timeliness of Petitioner's Section 2254 Petition. Therefore, Petitioner cannot at this time demonstrate good cause for his failure to present his claims to the State Courts prior to seeking federal habeas relief. "[D]iminution of statutory incentive to proceed first in state court would . . . . increase the risk of the very piecemeal litigation

5

that the exhaustion requirement is designed to reduce." *Duncan v. Walker*, 533 U.S. 167, 180 (2001). In accordance with this precedent, Petitioner can either return to state court in order to exhaust the entirety of his claims, or he can refile in federal court alleging only the claims that have been exhausted in state court. Therefore, Petitioner's objections four and five are denied.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Objections (ECF No. 36) and **ACCEPTS** and **INCORPORATES** the Magistrate Judge's Findings and Recommendation in full (ECF No. 31). Therefore, in accordance with the PF&R, Respondent's Motion to Dismiss Complaint (ECF No. 14) is **DENIED** and Petitioner's Petition (ECF No. 1) is **DISMISSED without prejudice**.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to Magistrate Judge VanDervort, all counsel of record, and any unrepresented parties.

ENTER: March 30, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE